

Cowan,
DeBaets,
Abrahams &
Sheppard LLP

41 Madison Avenue

New York, NY 10010

T: 212 974 7474

F: 212 974 8474

www.cdas.com

Scott J. Sholder
212 974 7474
SSholder@cdas.com

May 29, 2018

**VIA ECF & FACSIMILE (212-805-7942)**
Hon. Alvin K. Hellerstein, U.S.D.J.
U.S. District Court, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:    *Hop Hop Productions, Inc. v. Kneupper, et al.*, 18-cv-4670-AKH

Dear Judge Hellerstein:

Our firm represents defendant Tara Crescent in the above-captioned matter.  We write jointly on behalf of Ms. Crescent and the other named defendants, Kevin Kneupper and Jennifer Watson (collectively, "Defendants"), pursuant to Rule 1.D of Your Honor's Individual Practices to request an adjournment of the June 1, 2018 preliminary injunction hearing calendared by Judge Ramos, and confirmed by this Court, after Judge Ramos denied an order to show cause seeking a temporary restraining order filed by plaintiffs Hop Hop Productions, Inc. and Faleena Hopkins (collectively, "Plaintiffs").  Our colleagues have submitted this letter on our behalf because our client is not yet listed on the docket.  To date no Defendants have been formally served with the complaint[1] and, to our knowledge, the motion papers, while served by e-mail by Plaintiffs' counsel, have either not been sent by overnight mail as ordered by Judge Ramos, or were sent to the wrong addresses for Mr. Kneupper and Ms. Watson.[2]

The background of this matter is briefly as follows.  We were notified of the Plaintiffs' intention to move for an order to show cause last Friday afternoon shortly before the complaint and motion were filed.  Plaintiffs' counsel attempted to notify the other two Defendants, prior to their retention of counsel (counsel for Mr. Kneupper was retained on May 28, 2018, and counsel for Ms. Watson was retained on May 29, 2018).  The undersigned appeared before Judge Ramos on Friday May 25, 2018 along with Plaintiffs' counsel in order to oppose Plaintiffs' request for a TRO.  Judge Ramos denied Plaintiffs' emergency motion in light of Plaintiffs' significant delay in seeking judicial recourse – according to their own complaint, Plaintiffs had known about Defendants' uses of the word "cocky" in romance novel titles since at least August 2017 – and Judge Ramos set a preliminary injunction hearing for this Friday June 1, 2018 before this Court.  As ordered by Judge Ramos and confirmed by this Court's May 29, 2018 order (Dkt. No. 3),

---

[1] Ms. Crescent resides in Canada, and therefore we reserve all rights and defenses concerning personal jurisdiction over her before this Court, which we believe to be lacking.  We have not accepted service of the complaint on behalf of Ms. Crescent because we were not able to reach an agreement with Plaintiffs' counsel concerning an adjournment of both the answer date and the preliminary injunction hearing date.

[2] Counsel for Mr. Kneupper and Ms. Watson have informed us that neither has been properly served with Plaintiffs' Complaint and motion papers via overnight mail.  Additionally, Mr. Kneupper resides in California and Ms. Watson (whose address is listed incorrectly in the Plaintiffs' Complaint) lives in Texas.  Both defendants reserve all rights and defenses concerning personal jurisdiction over each before this Court.



COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

PAGE 2

Defendants' papers in opposition to Plaintiffs' motion for preliminary injunction are due Thursday May 31, 2018, and Plaintiffs' reply papers are due the morning of June 1.

Defendants have not requested any prior extensions of this deadline. Plaintiffs oppose this request, claiming that because they seek emergency relief, consenting to an extension would undermine their timeliness argument. Defendants believe an adjournment is appropriate, first because there is clearly no emergency necessitating an expedited preliminary injunction hearing with no chance for even limited discovery; indeed, as noted above, Judge Ramos denied the TRO because of Plaintiffs' delay and longstanding knowledge of the Defendants' use of their purported trademark. Second, while we believe untimeliness alone should be a sufficient ground for denial of the preliminary injunction, the Defendants intend to fully prepare for a hearing and will need more time to ensure that they can explore all the defects in Plaintiffs' claim for injunctive relief, draft adequate opposition briefs, and adduce all necessary witness statements or testimony. To be clear, we are prepared to place a hearing date on our respective calendars, but we believe this Friday is too soon, particularly in light of Plaintiffs' filing on the eve of a holiday weekend.

No other dates have been scheduled after the preliminary injunction hearing date. Defendants would propose that the preliminary injunction hearing be adjourned by at least three weeks but would of course defer to the Court and would welcome the opportunity to discuss this matter with via conference before the new schedule is set.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Scott J. Sholder*

Scott J. Sholder

cc:   All Counsel of Record (via ECF and E-mail)
      James E. Rosini (Counsel for Defendant Watson)
      Jeremy S. Boczko (Counsel for Defendant Watson)
      Cameron S. Reuber (Counsel for Defendant Kneupper)
      Lauren Beth Emerson (Counsel for Defendant Kneupper)