**C. Cardillo, P.C.**
9728 3rd Avenue, Suite 308
Brooklyn, NY 11209
T. 646-398-5025
F. 646-365-8833
C. 347-309-0000
Email: cardilloesq@gmail.com

May 29, 2018

*Delivery via ECF and*
*Facsimile: 212-805-7942*

Hon. Alvin K. Hellerstein, U.S.D.J.
U.S. District Court, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

  Re: **Hop Hop Productions, Inc. v. Kneupper, et al., 18-cv-4670-AKH**

Dear Judge Hellerstein:

  I write in response to Defendants' joint letter filed earlier this evening:

1. Mr. Sholder appeared on behalf of defendant Tara Crescent ("Crescent") at the temporary restraining order ("TRO") hearing last Friday. In addition, his firm, Cowan, DeBaets, Abrahams & Sheppard, LLP, served, prior to the initiation of this lawsuit, a letter on Plaintiffs' trademark attorney claiming to represent Crescent (attached to our Order to Show Cause ("OSC") as part of **Exhibit "2"**). As such, it is my position that the technicality of being "listed on the docket" is irrelevant to proceeding in this case;
2. My office has diligently attempted to ascertain the true names and addresses of all of the defendants. To wit, each and every defendant was contacted via email prior to the TRO hearing. Defendant Kevin Kneupper ("Kneupper") was emailed at the email address he provided on his Trademark Trial and Appeal Board ("TTAB") Petition (attached to our OSC as "**Exhibit 1-A**"). Crescent was contacted at the email address she provided on her website (taracrescent.com). In addition, I contacted Mr. Sholder's firm on Crescent's behalf. I also requested Defendant Jennifer Watson ("Watson") contact me via an email to her company's general email box. I quickly received an email response from Watson to which I replied concerning the TRO hearing;
3. Clearly, Judge Ramos recognized the importance of and need for a quickly scheduled hearing. It should be noted that no objection was made by Mr. Sholder at said hearing concerning the date provided by Judge Ramos. In addition, prior to midnight the same day, I served, via email, all the defendants a complete signed copy of the OSC[1];

---

[1] I will be filing an Affirmation tomorrow attesting to all of the statements I have made in this letter concerning service of the OSC.

4. I would also like the Court to note that as to Watson I emailed her on Friday to confirm her mailing address (which I obtained through diligent investigation).  Watson failed to respond to my email;
5. In addition, I have repeatedly requested from Mr. Sholder's firm a confirmation that their client's name is not an alias (since diligent investigation does not provide any information on same) and for her address (so I could effectuate service): my request was denied.  It is noteworthy, that Crescent claims to be a resident of Canada, which would affect my method of service, however, Mr. Sholder's firm has also refused to provide evidence of same; and,
6. Despite, what I believe to be efforts by the defendants to thwart service, on Sunday, May 27, 2018 I overnighted, via Federal Express, a complete and accurate copy of the OSC to Kneupper (at the address designated on his Petition), Watson (at the address obtained during our investigation) and Mr. Sholder's firm (on behalf of his client: since they refused to provide me her contact information).

As to the need of this hearing, it is respectfully submitted that your Order today to hold the hearing as scheduled by Judge Ramos is dispositive of the need to quickly address the issues at hand.  To be clear, my client has been issued three trademarks, two of which are the subject of this case ("Federal Registered Trademarks").  My clients' rights to their Federal Registered Trademarks are being challenged by Kneupper via a TTAB petition.  As such, staying said petition is imperative to protect the rights of my client and to keep the status quo.  As to Crescent, she is currently publishing and selling (and profiting from) several books in violation of plaintiffs' Federally Registered Trademarks.  It should be noted that Crescent has continuously refused, prior to this lawsuit, to cease said violation.  Further, I had offered Mr. Sholder's firm to extend their time to oppose this OSC if their client would cease and desist selling said books.[2]  Finally, as to Watson, she is the force behind Cocktales, a book that also violates my clients' Federally Registered Trademarks.  In addition, Watson has played a key role in a juggernaut attack on my clients' trademarks, books and person: resulting in various damages.[3]

Finally, since my client has been the victim of an "anti" intellectual property crusade, there has been an onslaught of books published that purposefully infringe on her trademark (examples can be provided at the Court's request).  As such, the scheduled hearing is critical to send a message to the self-publishing world that, like the rest of the United States, they are subject to the laws protecting intellectual property.

As such, and particularly because of the flagrant attempt by Crescent and Watson to avoid service, we believe the hearing should go forth as scheduled: it is the only way (unless defendants agree to voluntarily cease and desist from the offending actions pending a rescheduled OSC hearing) to keep the status quo and protect my clients rights in a timely manner.

---

[2] In addition, I had told Mr. Sholder's firm that I would need to discuss with the other defendants additional terms of any proposed stipulation.
[3] We may seek to amend the complaint to include additional causes of action against Watson.  Said causes of action were not included in the filed Complaint because we were under a tight deadline in our attempt to obtain a TRO to halt the release of Cocktales (which was released the day after the hearing).

                                          Respectfully submitted,
                                          <u>/s/ Chris Cardillo. Esq.</u>
                                          Chris Cardillo, Esq.

**cc**:

All counsel of record (via ECF and email)