JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOP HOP PRODUCTIONS, INC.,
and FALEENA HOPKINS,

                      Plaintiffs,

    - against -

KEVIN KNEUPPER, TARA CRESCENT,
and JENNIFER WATSON,

                      Defendants.
------------------------------------------------------------------X

18 CV 4670

Civil Action No.:

**AFFIDAVIT IN SUPPORT**

FALEENA HOPKINS being duly sworn deposes and says:

1. I am a Plaintiff in the within action, and the sole shareholder and an officer of the Plaintiff HOP HOP PRODUCTIONS, INC., (hereinafter "HOP").

2. I have personal knowledge of the facts set forth in this Affidavit and the authenticity of the documents attached hereto, as well as the authenticity of the Exhibits attached to the Complaint, and, if called to testify as a witness, I can and will testify to these facts in a court of law.

3. I am a writer, and specifically I write and self-publish romance novels for sale to the public across the United States and world via internet sales through sites like Amazon.com.

4. Over the course of many years, I have established a significant following in the genre of romance novels.

5. HOP is the owner of three (3) federally registered trademarks, two of which are the subject of this lawsuit. Those two trademarks (hereinafter collectively referred to as "Federally Registered Trademarks") are as follows:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| **COCKY** (hereinafter "Word Mark") | 5,447,836 | Class 9: a series of downloadable e-books in the field of romance. Class 16: a series of books in the field of romance. |
| *cocky* (hereinafter "Stylized Mark") | 5,458,137 | Class 9: a series of downloadable e-books in the field of romance. Class 16: a series of books in the field of romance. |

6. I incorporate the use of the Federally Registered Trademarks into the titles and/or content of my published novels, which are in the genre of "romance novels."

7. I incorporate the use of the Federally Registered Trademarks in to the titles and content of my published romance novels, and those marks are located (among other places) prominently on the covers of my novels (hereinafter "HOPKINS' COCKY NOVEL SERIES").

8. Those title which specifically include the Federally Registered Trademarks are included in **Exhibit "I"** attached to the Verified Complaint.

9. HOPKINS' COCKY NOVEL SERIES are sold as a "book series" of romance novels, on the internet throughout the world. Accordingly, the HOPKINS' COCKY NOVEL SERIES are a sequence of books having certain characteristics in common, including

interrelated content, such that they are formally identified and marketed together as a group.

10. I began using the Federally Registered Trademarks in connection with the HOPKINS' COCKY NOVEL SERIES on or about July 5, 2017. However, I used the word "Cocky" as a prominent feature of my titles and on the cover of my books starting on June 16, 2016.

11. The Federally Registered Trademarks individually and collectively are therefore the basis for a created brand of romance novels, HOPKINS' COCKY NOVEL SERIES, including their current content, as presently existing, and as will be incorporated in to future published written works in the series which I intend to continue to write.

12. I have expended substantial time and money to promote, advertise and expand the HOPKINS' COCKY NOVEL SERIES market, throughout the United States and internationally and plan to continue to expand substantially their promotion throughout the United States and internationally.

13. Since their first use in commerce, I have made a substantial monetary, marketing, and time related investment in the HOPKINS' COCKY NOVEL SERIES and have developed significant goodwill in the HOPKINS' COCKY NOVEL SERIES.

14. As a result of my established notoriety, as well as the popularity of the HOPKINS' COCKY NOVEL SERIES, the Federally Registered Trademarks have become well recognized and known to consumers throughout the United States and internationally. The continuation of this recognition is critical to my maintenance and expansion of the interest by potential purchasers of the HOPKINS' COCKY NOVEL SERIES, which is also essential to the viability of my future sales and income.

15. I intend to expand the product line of novels which encompass the themes, story lines and characters of the HOPKINS' COCKY NOVEL SERIES into future novels, which will also incorporate the Federally Registered Trademarks.

16. Loss of the ability to use and enforce the Federally Registered Trademarks would have substantial adverse effect on my current and future novel sales, with a corresponding loss of income, as well as a loss of value in my published works.

**DEFENDANT CRESCENT'S USE OF PLAINTIFFS' TRADEMARKS**

17. On or about August 22, 2017 the Defendant TARA CRESCENT (herein after "CRESCENT") published "Her **Cocky** Doctors (*emphasis added*), A MFM Ménage Romance, The *Cocky Series* Book 1 (*emphasis added*)" (please see book cover attached to the Verified Complaint as **Exhibit "K"**).

18. On or about November 12, 2017 the Defendant CRESCENT published an audio book entitled "Her **Cocky** Firefighters (the two books collectively referred to as "Crescent Violations") (*emphasis added*), a MFM Ménage Romance, The *Cocky Series* Book 2 (*emphasis added*)" (please see book cover attached to the Verified Complaint as **Exhibit "L"**).

19. It should not be mistaken that CRESCENT was fully aware of the HOPKINS' COCKY NOVEL SERIES. In fact, CRESCENT, for at least six (6) months prior to the first Crescent Violation, helped promote the HOPKINS' COCKY NOVEL SERIES (please see communication attached to the Verified Complaint as **Exhibit "M"**).

20. As such, CRESCENT knowingly and purposefully incorporated the Federally Registered Trademarks into her novels in an effort to confuse the consumer into believing these publications were part of the HOPKINS' COCKY NOVEL SERIES.

21. Upon review, it was apparent that CRESCENT was purposely and intentionally, in an effort to increase her book sales, using my reputation and previous use of her Federally Registered Trademarks in commerce as a means of associating her novels with mine.

22. Prior to the publication of her two novels, I made a request to CRESCENT to cease and desist the use of my Federally Registered Trademarks in the titles of her yet to be published novels. That request was denied.

23. In response to her denial, I, on or about August 24, 2017 sought additional protection by retaining an attorney, and applying for, and subsequently being granted, the Federally Registered Trademarks.

24. To date CRESCENT has continued to sell her novels using the Federally Registered Trademarks in violation of my rights.

25. CRESCENT'S promotion and sale of romance novels and books under, with the inclusion and use of, the Federally Registered Trademarks, causes a likelihood of confusion, mistake, and deception in the marketplace in relation to me and the HOPKINS' COCKY NOVEL SERIES.

26. Defendant's CRESCENT'S promotion and sale of romance novels and books under, and with the inclusion and use of, the Federally Registered Trademarks, has caused actual confusion, mistake, and deception in the marketplace in relation to me and the HOPKINS' COCKY NOVEL SERIES.

**DEFENDANT WATSON'S ILLEGAL USE OF PLAINTIFFS' TRADEMARKS AND THE RELATED SOCIAL MEDIA CAMPAIGNS**

27. In response to my attempts to enforce my trademarks, elements of the indie writing world reacted by banding together, via social media, to publicly object: for example, by using

the Twitter hashtag #cockygate (please see Twitter printout attached to the Verified Complaint as **Exhibit "N"**).

28. A major objective of the various social media campaigns has simply been to personally attack and smear my reputation, as well as the COCKY ROMANCE NOVEL SERIES, and to cause emotional and economic harm. Toward that end, WATSON has participated and organized the publication and distribution of "Cocktales, The Cockiest Anthology" (hereinafter "Cocktales") (please see website printouts attached to the Verified Complaint as **Exhibit "O"**)[1].

29. As is clear from **Exhibit "O"**, WATSON, upon information and belief, intentionally and purposefully incorporated the Word Mark and Stylized Mark into the website and intends to incorporate them into Cocktales itself.

30. In addition, according to the website, https://www.cockyauthors.com/about-cocktales, Cocktales is scheduled to be published and released to the public on May 26, 2018.

31. WATSON'S intention to sell Cocktales with the inclusion and use of, the Federally Registered Trademarks, causes a likelihood of confusion, mistake, and deception in relation to me and the COCKY SERIES NOVELS.

32. WATSON'S promotion of Cocktales, *inter alia,* via a website which includes the use of the Federally Registered Trademarks, has caused actual confusion, mistake, and deception in the marketplace in relation to me and the COCKY SERIES NOVELS.

---

[1] https://www.cockyauthors.com/, https://docs.google.com/forms/d/e/1FAIpQLSd18_cbqnLlA1x5UCZ5F02CcKkDQMCmeuvH3zRjZ9IjScfPXQ/viewform, https://www.facebook.com/SocialButterflyBooks/posts/2136591423021050

## CONFUSION IN THE MARKET PLACE

33. The actual confusion to the general public in this matter is significant in a number of ways, including the fact that searches on book-specific sites like Amazon.com, and the internet in general, procure results (photographic, etc.) which include the Infringing Marks (please see attached correspondence to my from numerous consumers indicating that there is confusion in the market place because authors are illegally using the Federally Registered Trademarks, attached to the Verified Complaint as **Exhibit "P"**[2]).

34. In combination with the confusion created by the illegal use of my Federally Registered Trademarks, the smear campaign created in reaction to the assertion of my legal rights has resulted in harm to me: to wit, my sales have declined, and the ratings of my books have been "magically" decreased, in some instances by at least twenty-five percent (25%).

35. In addition, I am unable to promote myself and my novels because my Instagram account has been closed and deleted by Instagram as a result of the spamming of that account, and I was required to unpublish my Facebook page, due to harassment-like spam. In addition, was required to disable comments on my Youtube channel. My goodread.com rating has fallen from 4.4 stars to 3.5 stars, which is significant, as a result of approximately 2000 – 3000 fake reviews posts to my profile. These social media sites are essential methods of promoting my novels, including the COCKY ROMANCE NOVEL SERIES. And I no longer have access to these channels.

---

[2] The Exhibit is redacted to protect the identity of the various people who communicated about the confusion in the market place. Unredacted copies of the same documents can be provided upon request.

## DAMAGES

36. As a result of all of the foregoing, I have experienced a decline in sales of the COCKY ROMANCE NOVEL SERIES, with a corresponding loss of income, damage to my reputation, and severe emotional distress.

**WHEREFORE**, I request the motion be granted in its entirety and for whatever further relief this Court deems just and proper.

_____
Faleena Hopkins

Sworn to before me this
25th day of May 2018

_____
Notary Public

Christopher S. Cardillo
Notary Public State of NY
Kings County
Lic. #02CA6082856
My Comm. Exp. 11/04/2018