

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

HOP HOP PRODUCTIONS, INC.,
and FALEENA HOPKINS,

                              Plaintiffs,

        - against -

KEVIN KNEUPPER, TARA CRESCENT,
and JENNIFER WATSON,

                              Defendants.

-----------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

Plaintiffs, HOP HOP PRODUCTIONS, INC. (hereinafter "HOP"), and FELEENA

HOPKINS (hereinafter "HOPKINS" and collectively referred to as "PLAINTIFFS"), by their

attorneys C. CARDILLO, P.C., as and for their Verified Complaint against KEVIN KNEUPPER

(hereinafter "KNEUPPER"), TARA CRESCENT (hereinafter "CRESCENT"), and JENNIFER

WATSON (hereinafter "WATSON" and collectively "DEFENDANTS"), allege and state as

follows:

### PRELIMINARY STATEMENT

1. HOPKINS is a well-known and best-selling author of a series of romance novels, who

   self-publishes her work for sale to the public across the United States and the world, via

   internet sales through sites like Amazon.com.

2. HOPKINS has, over the course of many years, established a significant reputation in the

   genre of romance novels.

3. This is an action seeking, *inter alia*, a declaration that PLAINTIFFS' use of their

   federally registered trademarks (as set forth hereinafter in detail), used in connection with

   the publication of series of books, are valid, and that the Defendants CRESCENT and

WATSON are infringing upon the rights of PLAINTIFFS by their simultaneous use of confusingly similar and/or identical marks (hereinafter collectively "Infringing Marks").

4.  PLAINTIFFS set forth, in detail herein, that the Defendants CRESCENT and WATSON are using the Infringing Marks in connection with identical goods (other written and published works), which has caused actual consumer confusion.

5.  As such, PLAINTIFFS respectfully submit that a declaratory ruling is necessary to clarify PLAINTIFFS' rights in their trademarks.

6.  PLAINTIFFS further set forth, also in detail herein, that the pending Petition for Cancellation (hereinafter "Petition") brought by KNEUPPER before the Trademark Trial and Appeals Board ("TTAB"), attached hereto as **Exhibit "A"**, which seeks to cancel the word mark "cocky," should be dismissed with prejudice.

7.  PLAINTIFFS assert these requests for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201- 2202, and their rights under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, as well as New York State statutory and common law.

## THE PARTIES

8.  HOPKINS is a resident of the State of New York, and currently resides in New York City.

9.  HOP is a Delaware corporation, which was registered on August 8, 2017 in New York State as a foreign business corporation and is currently active as such.

10. HOPKINS is the sole shareholder of HOP.

11. KNEUPPER is a resident of the state of California, with his place of residence located at 280 Spring Oak Road, Unit 2114, Camarillo, California, 93010.

12. Defendant CRESCENT, which is possibly an alias, represents on her website that she resides in Toronto, Canada and has an email address of taracrescent@gmail.com (please see printout of "www.taracrescent.com," attached hereto as **Exhibit "B"**). However, after diligent efforts we have been unable to locate any person named "Tara Crescent" in Toronto, Canada. Coincidently, it should be noted that "Tara Crescent" is also a street name located in Markham, Ontario, Canada which is approximately thirty (30) minutes from the center of Toronto (please see printout of Google Map attached hereto as **Exhibit "C"**).

13. It should be noted that PLAINTIFFS are in receipt of letter dated May 16, 2018, from Eleanor M. Lackman an attorney with Cowan, DeBaets, Abrahams & Sheppard, LLP indicting that they represent Tara Crescent. In said letter, Ms. Lackman demands that PLAINTIFFS cease and desist from attempting to enforce their intellectual property rights

14. WATSON, which is possibly an alias, as per her company, Social Butterfly PR, website is a resident of the State of Texas (please see printout of "www.socialbutterflypr.net," attached hereto as **Exhibit "D"**).

15. Upon information and belief WATSON'S place of residence is located at 3001 Hillcroft Street, Apartment 1001, Houston, TX 77507 and has an email address of info@socialbutterflypr.net.

## JURISDICTION AND VENUE

16. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, and New York statutory and common law.

17. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

18. This Court shares concurrent jurisdiction over the cancellation of a trademark registration with the United States Patent and Trademark Office ("USPTO") pursuant to 15 U.S.C. § 1119.

19. This Court possesses personal jurisdiction over DEFENDANTS, because they regularly and continuously transact business in the State of New York.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because the DEFENDANTS are subject to this Court's personal jurisdiction with respect to such action.

## PLAINTIFFS' TRADEMARKS

21. HOP is the owner of three (3) Federally Registered Trademarks, two of which are the subject of this lawsuit. Those two trademarks (hereinafter collectively referred to as "Federally Registered Trademarks") are as follows:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| **COCKY**<br>(hereinafter "Word Mark") | 5,447,836 | Class 9: a series of downloadable e-books in the field of romance.<br><br>Class 16: a series of books in the field of romance. |
| *cocky* | 5,458,137 | Class 9: a series of downloadable e-books in the field of romance.<br><br>Class 16: a series of books in the field of romance. |

| (hereinafter "Stylized Mark") | | |
|---|---|---|
| | | |

22. The Federally Registered Trademarks have been individually approved, after application, duly issued by the USPTO and are currently valid and subsisting. The applicable applications, USPTO responses, and registrations are attached hereto as follows:

**Exhibit "E"**   Trademark Application: Word Mark;
**Exhibit "F"**   Trademark Registration: Word Mark;
**Exhibit "G"**   Trademark Application: Stylized Mark; and,
**Exhibit "H"**   Trademark Registration: Stylized Mark.

### HOPKINS' COCKY NOVEL SERIES

23. HOPKINS uses the Federally Registered Trademarks in and as the title of her romance novels.

24. To date, HOPKINS has commercially released and sold a series of nineteen (19) novels, the latest being released on May 15, 2018, embodying the Federally Registered Trademarks (collectively the "HOPKINS' COCKY NOVEL SERIES" and individually a "COCKY NOVEL") (please see the cover of each COCKY NOVEL in the HOPKINS' COCKY NOVEL SERIES attached hereto as **Exhibit "I"**[1]).

25. HOPKINS started using the word "Cocky" in the HOPKINS' COCKY NOVEL SERIES since June 16, 2016 (please see third page of website printout attached hereto as **Exhibit "J"**[2]).

26. In addition, PLAINTIFFS began using the Federally Registered Trademarks in connection with the HOPKINS COCKY NOVEL SERIES on or about July 5, 2017.

---

[1] https://www.amazon.com/gp/product/B07D3QJ8RQ/ref=series_rw_dp_sw.
[2] https://www.amazon.com/gp/product/B01H7RZDR8/ref=series_dp_rw_ca_1.

27. The HOPKINS COCKY NOVEL SERIES is marketed and sold, nationally and internationally, under the Federally Registered Trademarks via the internet as digital downloads, hard copy books, and audio books.

28. In each of the COCKY NOVELS, the Federally Registered Trademarks are prominently and consistently featured as part of the title.

29. In each of the COCKY NOVELS, by using a different font, size and color, the Federally Registered Trademarks stand out from the rest of the title creating a separate commercial impression.

30. The COCKY NOVELS and the HOPKINS COCKY NOVEL SERIES are consistently and regularly promoted using the Federally Registered Trademarks.

31. It is the intention of PLAINTIFFS to continue to use the Federally Registered Trademarks in future written publications (novels, etc.), as well as possibly other mediums (movies, television, etc.), for the purposes of extending the stories, characters, themes and content related to the HOPKINS COCKY NOVEL SERIES.

32. PLAINTIFFS have expended substantial time and money to promote, advertise, market and expand the HOPKINS COCKY NOVEL SERIES throughout the United States and internationally and plan to continue to expand substantially their promotion throughout the United States and internationally.

33. Since its first use in commerce, PLAINTIFFS have made a substantial monetary, marketing, and time commitment and investment in the HOPKINS COCKY NOVEL SERIES and has developed significant goodwill in the HOPKINS COCKY NOVEL SERIES, and the Federally Registered Trademarks.

34. As a result, of the notoriety of HOPKINS' and her writing, as well as the popularity of the HOPKINS COCKY NOVEL SERIES, the Federally Registered Trademarks have become well known to consumers throughout the United States and internationally as originating with HOPKINS. The continuation of this recognition is critical to maintaining and expanding interest by potential purchasers of HOPKINS published and printed works, as well as her future published works, which is also essential to the viability of HOPKINS' future sales and income.

35. HOPKINS intends to expand the product line of novels which encompass the themes, story lines and characters of the HOPKINS COCKY NOVEL SERIES into future novels, which will also incorporate the Federally Registered Trademarks.

36. Loss of the ability to use and enforce the Federally Registered Trademarks would have substantial adverse effect on HOPKINS' current and future novel sales, with a corresponding loss of income, as well as a loss of value in her published works.

## DEFENDANT CRESCENT'S ILLEGAL USE OF PLAINTIFFS' TRADEMARKS

37. On or about August 22, 2017 the CRESCENT published "Her **Cocky** Doctors (*emphasis added*), A MFM Ménage Romance, The *Cocky Series* Book 1 (*emphasis added*)" (please see book cover attached hereto as **Exhibit "K"**).

38. On or about November 12, 2017 the Defendant CRESCENT published an audio book entitled "Her **Cocky** Firefighters (the two books collectively referred to as "Crescent Violations") (*emphasis added*), A MFM Ménage Romance, The *Cocky Series* Book 2 (*emphasis added*)" (please see book cover attached hereto as **Exhibit "L"**).

39. It should not be mistaken that CRESCENT was fully aware of the HOPKINS' COCKY NOVEL SERIES. In fact, CRESCENT, for at least four (4) months prior to the first

Crescent Violation, helped promote the HOPKINS' COCKY NOVEL SERIES (please see communication attached hereto as **Exhibit "M"**).

40. As such, CRESCENT knowingly and purposefully incorporated the Federally Registered Trademarks into her novels in an effort to confuse the consumer into believing these publications were part of the HOPKINS' COCKY NOVEL SERIES.

41. Upon HOPKINS further review, it was apparent that CRESCENT was purposely and intentionally, in an effort to increase her book sales, using HOPKINS' reputation and previous use of her Federally Registered Trademarks in commerce as a means of associating her novels with HOPKINS.

42. In response to this revelation, HOPKINS, on or about August 24, 2017 sought additional protection by retaining an attorney, and applying for, and subsequently being granted, the Federally Registered Trademarks.

43. Soon after, HOPKINS made a written demand to CRESCENT to cease and desist use of her Federally Registered Trademarks.

44. To date CRESCENT has continued to sell her novels using the Federally Registered Trademarks in violation of PLAINTIFFS' rights.

## DEFENDANT WATSON'S ILLEGAL USE OF PLAINTIFFS' TRADEMARKS AND THE RELATED SOCIAL MEDIA CAMPAIGNS

45. In response to the PLAINTIFFS' attempts to enforce their trademarks, elements of the indie writing world reacted by banding together, via social media, to publicly object: for example, by using the Twitter hashtag #cockygate (please see Twitter printout attached hereto as **Exhibit "N"**).

46. A major objective of the various social media campaigns has simply been to personally attack and smear the reputation of the PLAINTIFFS, as well as the COCKY ROMANCE

NOVEL SERIES, and to cause emotional and economic harm. Toward that end, WATSON has participated and organized the publication and distribution of "Cocktales, The Cockiest Anthology" (hereinafter "Cocktales") (please see website printouts attached hereto as **Exhibit "O"**)[3].

47. As is clear from Exhibit "O", WATSON, upon information and belief, intentionally and purposefully incorporated the Word Mark and Stylized Mark into the website and intends to incorporate them into Cocktales itself.

48. In addition, according to the website, https://www.cockyauthors.com/about-cocktales, Cocktales is scheduled to be published and released to the public on May 26, 2018.

## COUNT I
### Trademark Infringement, Unfair Competition, False Designation of Origin and Passing Off Under the Federal Lanham Act (15 U.S.C. § 1114)

49. PLAINTIFFS incorporate herein, by reference, the allegations contained in the preceding paragraphs.

50. PLAINTIFFS own the Federally Registered Trademarks for romance novels, and specifically for the HOPKINS' COCKY NOVEL SERIES.

51. CRESCENT'S promotion and sale of romance novels and books under, and with the inclusion and use of, the Federally Registered Trademarks, is likely to and actually has caused confusion, mistake, and deception in the marketplace in relation to PLAINTIFFS and their Federally Registered Trademarks in conjunction with the HOPKINS' COCKY

---

3

https://www.cockyauthors.com/,

https://docs.google.com/forms/d/e/1FAIpQLSd18_cbqnLlA1x5UCZ5F02CcKkDQMCmeuvH3zRjZ9IjScfPXQ/viewform,

https://www.facebook.com/SocialButterflyBooks/posts/2136591423021050

NOVEL SERIES, and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1114(1).

52. WATSON'S promotion and intention to sell Cocktales, with the inclusion and use of, the Federally Registered Trademarks, is likely to and actually has caused confusion, mistake, and deception in the marketplace in relation to PLAINTIFFS and their Federally Registered Trademarks in conjunction with the HOPKINS' COCKY NOVEL SERIES, and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1114(1).

53. WATSON'S promotion of Cocktales, *inter alia*, via a website which includes the use of aspects of the Federally Registered Trademarks, has caused actual confusion, mistake, and deception in the marketplace in relation to HOPKINS and the HOPKINS' COCKY NOVEL SERIES, and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under 15 U.S.C. § 1114(1).

54. The Infringing Marks are similarly identical in appearance and are identical or confusingly similar in connotation, and overall commercial impression with the Federally Registered Trademarks so as to cause confusion, mistake, and deception, as those terms are defined under Section 2(d) of the Lanham Act, 15 U.S.C. §1052 (d).

55. The use of the Infringing Marks by the CRESCENT and WATSON, among others, falsely suggest a connection between HOPKINS and CRESCENT and WATSON as well as others, in violation of Section 2(a) of the Lanham Act, 15 U.S.C. §1052 (a).

56. The strength of the Federally Registered Trademarks is strong, in that the novels published by HOPKINS are readily identified with the Federally Registered Trademarks,

and therefore the marks play a significant role in the identification and sale of the

HOPKINS' COCKY NOVEL SERIES.

57. The strength of the Federally Registered Trademarks is strong, in that the novels in the

series published by HOPKINS in the future will be readily identified with the Federally

Registered Trademarks, and therefore the marks will play a significant role in the

identification and sale of those novels.

58. The use of the Infringing Marks by the CRESCENT and WATSON, among others, is,

and will, significantly impact the sale of the HOPKINS COCKY NOVEL SERIES.

59. CRESCENT and WATSON'S use of the Infringing Marks created the same commercial

impression because they used the Infringing Marks for the same products (books), sold to

the same customers via the same sales channels.

60. The similarity of the Federally Registered Trademarks and the Infringing Marks used in

commerce by CRESCENT and WATSON, among others, is significant.

61. The marketing channels used in commerce in relation to the Federally Registered

Trademarks and the Infringing Marks are virtually identical, if not identical (i.e. the

internet, and specifically sites like Amazon.com).

62. The actual confusion to the general public in this matter is significant in a number of

ways, including the fact that searches on book-specific sites like Amazon.com, and the

internet in general, procure results (photographic, etc.) which include the Infringing

Marks (please see attached correspondence to HOPKINS from numerous consumers

indicating that there is confusion in the market place because authors are illegally using

the Federally Registered Trademarks, attached hereto as **Exhibit "P"**[4]).

---

[4] The Exhibit is redacted to protect the identity of the various people who communicated about the confusion in the market place. Unredacted copies of the same documents can be provided upon request.

63. The type of goods for which the Federally Registered Trademarks and Infringing Marks are being used in commerce is identical.

64. The degree of care likely to be exercised by the average purchaser in this matter is potentially low, since the Infringing Marks and the Federally Registered Trademarks are so similar in design as to suggest the works being offered for sale using the Infringing Marks were either written by HOPKINS, or that they were in some way endorsed by her.

65. PLAINTIFFS have been damaged by the use of the Infringing Marks by CRESCENT, among others, and WATSON.

66. PLAINTIFFS will be damaged in the future if CRESCENT and WATSON, among others, are permitted to continue to use the Infringing Marks.

67. As a result of all of the foregoing, PLAINTIFFS are suffering damage to their business reputation and good will.

68. The conduct of CRESCENT and WATSON, and others, is irreparably injuring PLAINTIFFS.

69. PLAINTIFFS have no adequate remedy at law.

**COUNT II**
**Trademark Infringement, Unfair Competition False Designation of Origin and Passing Off Under New York Common Law**

70. PLAINTIFFS incorporate herein, by reference, the allegations contained in the preceding paragraphs.

71. PLAINTIFFS own the Federally Registered Trademarks which are incorporated in her series of novels the HOPKINS' COCKY NOVEL SERIES.

72. CRESCENT'S promotion and sale of romance novels and books under, and with the inclusion and use of, the Federally Registered Trademarks, causes a likelihood of

confusion, mistake, and deception in the marketplace in relation to HOPKINS and the HOPKINS' COCKY NOVEL SERIES, and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under New York state common law.

73. WATSON'S intention to sell Cocktales, as well as her use of similar Infringing Marks in the promotion of same causes a likelihood of confusion, mistake, and deception in relation to HOPKINS' and the HOPKINS' COCKY NOVEL SERIES, and thus constitutes trademark infringement, unfair competition, false designation of origin, and passing off under New York state common law.

74. PLAINTIFFS have been damaged by the use of the Infringing Marks by the CRESCENT and WATSON, among others.

75. PLAINTIFFS will be damaged in the future if the WATSON and CRESCENT, as well as others, are permitted to continue to use the Infringing Marks.

76. As a result of all of the foregoing, PLAINTIFFS are suffering damage to their business reputation and good will.

77. The conduct of the CRESCENT and WATSON is irreparably injuring PLAINTIFFS.

78. PLAINTIFFS have no adequate remedy at law.

## COUNT III
### Unfair Competition Under New York Common Law

79. PLAINTIFFS incorporate herein, by reference, the allegations contained in the preceding paragraphs.

80. As set forth herein above, the acts of the CRESCENT and WATSON, as well as others, in using the Federally Registered Trademarks was intentional, and done in bad faith, and

constitutes a bad faith misappropriation of the labors and expenditures of HOPKINS, and

thus constitutes unfair competition under New York common law.

81. As a result of all of the foregoing, PLAINTIFFS are suffering damage to their business

reputation and good will.

82. The CRESCENT and WATSON, as well as others, have, and are, intentionally using the

Infringing Marks to confuse the public and divert sales, which PLAINTIFFS would

otherwise obtain, to them.

83. PLAINTIFFS have been damaged by the use of the Infringing Marks by the CRESCENT

and WATSON, as well as others.

84. PLAINTIFFS will be damaged in the future if the CRESCENT and WATSON, as well as

others, are permitted to continue to use the Infringing Marks.

85. The conduct of the CRESCENT and WATSON , and others, is irreparably injuring

PLAINTIFFS.

86. PLAINTIFFS have no adequate remedy at law.

### COUNT IV
### Dismissal of the Petition of KNEUPPER with Prejudice
### and for a Declaratory Judgment

87. PLAINTIFFS incorporate herein, by reference, the allegations contained in the preceding

paragraphs.

88. KNEUPPER'S Petition, which seeks to cancel the Word Mark, as well as the use of the

Infringing Marks by the CRESCENT and WATSON, have created a concrete dispute

between the parties herein regarding their respective rights in the Federally Registered

Trademarks and the Infringing Marks, which warrants resolution by declaratory

judgment.

89. This dispute, if left unresolved, will adversely affect PLAINTIFFS' novel sales, and will impede HOPKINS ability to successfully expand her existing line of HOPKINS' COCKY NOVEL SERIES.

90. Plaintiffs' right to use and enforce their Federally Registered Trademarks is now clouded as a result of the actions of DEFENDANTS.

91. Defendants CRESCENT'S failure to cease and desists use of the Infringing Marks, Defendant WATSON'S intention to use the Federally Registered Trademarks in the future, as well as KNEUPPER'S allegations of invalidity of the Federally Registered Trademarks in the Petition, have and will continue to impede and interfere with PLAINTIFFS' legitimate business interests and objectives, thereby constituting actual harm and injury to PLAINTIFFS, now, and in the future.

92. There exists an actual and justifiable controversy between PLAINTIFFS and CRESCENT and WATSON regarding whether CRESCENT and WATSON are infringing on the Federally Registered Trademarks, and whether the Federally Registered Trademarks may be enforced by PLAINTIFFS.

93. There exists an actual and justifiable controversy between PLAINTIFFS and KNEUPPER regarding whether the Petition has merit.

94. PLAINTIFFS will be damaged in the future if the Federally registered Trademarks are cancelled.

95. PLAINTIFFS respectfully request a declaration that the use of their Federally Registered Trademarks do not infringe upon any existing and valid trademark rights of DEFENDANTS, under the Lanham Act (15 U.S.C. § 1125(a)).

96. PLAINTIFFS respectfully request a declaration that the use of their Federally Registered Trademarks does not infringe upon any existing and valid trademark rights of the DEFENDANTS under or the laws of New York.

97. PLAINTIFFS respectfully request a declaration that the use of their Federally Registered Trademarks are valid and enforceable as against similar marks used, including those found in other published novels and written works.

98. PLAINTIFFS respectfully request a declaration that the Federally Registered Trademarks are not adversely impacted by any claimed right of DEFENDANTS, are valid and subsisting, and as a result, should not be cancelled.

## **PRAYER FOR RELIEF**

**FOR THESE REASONS**, Plaintiffs pray for a judgment in favor of them and against DEFENDANTS as follows:

A.     That the Court declare that PLAINTIFFS' use of their Federally Registered Trademarks does not infringe any existing and valid trademark right of DEFENDANTS under the Lanham Act (15 U.S.C. § 1125(a)) or the laws of New York, and

B.     That the Court declare that PLAINTIFFS' use of their Federally Registered Trademarks does not infringe any existing and valid trademark right of DEFENDANTS under the laws of New York, and

C.     That the Court declare that HOP's Federally Registered Trademarks are not adversely impacted by any claimed right of DEFENDANTS, are valid and subsisting, and as a result, should not be cancelled, and

D.      That the Court declare that the use of the Federally Registered Trademarks by PLAINTIFFS is valid and enforceable as against similar marks used, including those found in other published novels and written works.

E.      That the Court order that DEFEDANTS, its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them, be enjoined and restrained permanently from interfering with PLAINTIFFS use and registration of the Federally Registered Trademarks, including from opposing, seeking to cancel, or otherwise objecting to the validity and enforceability of the Federally Registered Trademarks or any of HOPKINS' novels or other published materials that include the Federally Registered Trademarks, including but not limited to the HOPKINS COCKY NOVEL SERIES, and

F.      That the Court order that WATSON, her employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with her, be enjoined and restrained permanently from publishing, promoting, selling, distributing Cocktales, or any publications which include the Federally Registered Trademarks or any similar variation thereof meant to confuse the public, and

G.      That the Court order that WATSON, her employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with her, be enjoined and restrained permanently from publishing, promoting, selling, distributing Cocktales, or any publications which include the Federally Registered Trademarks, and, that they be ordered to immediately remove any and all domain names associated with Cocktales, including but not limited to www.cockyauthors.com, and

H. An injunction directing DEFENDANTS to deliver to PLAINTIFFS for destruction all products, literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession, custody or control bearing the use of any infringing marks, including but not limited to the Infringing Marks, pursuant to 15 U.S.C. § 1118, and

I.     That PLAINTIFFS be awarded her reasonable attorneys' fees and costs.

K.     For such other and further relief as the Court deems just and propr.

**Dated: May 25, 2018**
**Brooklyn, NY**

Respectfully submitted,

Cardillo Law, P.C.

By: Christopher Cardillo (7769)
*Attorney for Plaintiff Faleena Hopkins*
9728 3rd Avenue, Suite 308
Brooklyn, New York 11209
T. 646-398-5025
F. 646-365-8833
C. 347-309-0000
Email: cardilloesq@gmail.com