**C. Cardillo, P.C.**
9728 3rd Avenue, Suite 308
Brooklyn, NY 11209
T. 646-398-5025
F. 646-365-8833
C. 347-309-0000
Email: cardilloesq@gmail.com

July 12, 2018

*Delivery via ECF and*
*Facsimile: 212-805-7942*

Hon. Alvin K. Hellerstein, U.S.D.J.
U.S. District Court, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

      Re:    Hop Hop Productions, Inc. v. Kneupper, et al.,
             Case No. 1:18-cv-04670-AKH

Dear Judge Hellerstein:

      I write in reply to Defendants' opposition to my request for dismissal. First, there are numerous inaccuracies and omissions in Mr. Reuber's letter to the Court. Most importantly, Mr. Reuber made it very clear that unless Plaintiffs' agreed to undiscussed and inequitable terms (i.e. gag orders running solely to the benefit of Defendants as well as a non-disparagement and gag order running to the benefit of the "Cocktales Collective" a non-party to this case) that no settlement would be attainable. His exact words were "the remining issue is still a deal-breaker."

      In addition, Mr. Reuber also was adamant that if a settlement under his dictated terms could not be reached he would be filing a very aggressive motion to dismiss and other third-parties would seek to implead. Further, he made it apparent that my clients were under a strict time line to acquiesce. As such, and since in principle the issues between the parties had been resolved, in an effort to cut the head from the snake, I requested, as is my clients' right, to have the case dismissed.[1]

      To address, Mr. Reuber's other points:

1. Plaintiffs have not breached any terms of any theoretical settlement agreement;
2. While I was away in Central Asia, on an urgent family matter (not a vacation), I did inform opposing counsel that I could be reached by email but that my ability to make calls would be, at the best, limited. In addition, Mr. Reuber offered to draft the

---

[1] Clearly, I was under the impression, which may have been a very good bluff by Mr. Reuber, that an impending Motion to Dismiss would be filed thus precluding me from requesting a unilateral dismissal via the F.R.C.P.

      Settlement Agreement, as well as other necessary documents, but failed to do so (at least not until 14 days later, and after the alleged breach, and only then with drastically different terms then previously agreed to);

3. Mr. Reuber's claims that "Plaintiffs have resisted all reasonable efforts to finalize settlement" and that he has "been unable to meet and confer with" me are incredulous. First, we have been in frequent, meaningful, and productive (and dare I say friendly) settlement negotiations since the first Court hearing. In particular, in a lengthy conversation this past Tuesday, I attempted to assuage Defendants by positing multiple modifications to the original terms (all of which heavily favored Defendants). All of my suggestions were tersely rejected and the edict of "my way or the highway" was proclaimed. In addition, Plaintiffs' have never once rejected or refused to enter into a Stipulation of Settlement that was true to the original agreed to terms. Unfortunately, opposing counsel has refused: aggressively seeking to bully his new terms upon my clients; and,

4. As to my inability to discuss my request for dismissal via telephone, Mr. Reuber, although sarcastic, is correct: I am in the mountains, a geographical location I prefer over the city, with limited, if any, cellular service (and I do not have a "house" phone). In addition, as outlined above, I did not see the point, because of Mr. Reuber's firm position, in continuing to attempt to finalize the settlement under the original terms.

      Finally, I defer to the Court in terms of how to finalize the disposition of this case: Plaintiffs would be amenable to settlement as per the agreed terms (outlined in the attached email[2]) or dismissal as per my request.

                                                                               Respectfully submitted,
                                                                               /s/ Chris Cardillo, Esq.
                                                                               Chris Cardillo, Esq.

---

[2] I am not filing the email with this letter via ECF since it was a private communication between counsel. Instead, I will simply send it your Honor via facsimile.