# LEASON ELLIS

One Barker Avenue
Fifth Floor
White Plains, New York 10601
Tel: (914) 821-3075
Fax: (914) 288-0023

July 13, 2018

Cameron Reuber
Partner
Reuber@leasonellis.com

**VIA ECF & FACSIMILE (212-805-7942)**

Hon. Alvin K. Hellerstein, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

RE:   *Hop Hop Productions, Inc. v. Kneupper, et al.*,
Civil Action No. 18-cv-4670-AKH (S.D.N.Y.)

Dear Judge Hellerstein:

  Our firm represents Defendants Tara Crescent and Jennifer Watson in the above-captioned matter. We write in response to Plaintiffs' "reply" filing of last night (Dkt. 40). We had hoped to address these specific matters with the Court in a manner where both sides could be heard in a less public forum. However, Plaintiffs' "reply" letter compels a response.[1]

  The facts underlying Plaintiffs' failure to honor the terms of the settlement are as follows. On Friday, June 22, 2018, the parties reached a settlement containing five essential terms confirmed in an email exchange between counsel. The fifth and final term was as follows: "*The parties will execute a written agreement that, in addition to the usual boilerplate, provides for general releases and non-disparagement provisions for Faleena Hopkins, Tara Crescent, Kevin Kneupper, and Jennifer Watson.*" Despite this term, Faleena Hopkins reportedly made disparaging comments to the press about Defendants. For instance, a true and correct print-out of the article published on June 30, 2018 is enclosed as **Exhibit A**. Among other things, the article states that:

> "*In May this year, a group of authors published Cocktales: The Cocky Collective. It was a deliberate attack on Hopkins, she said, and done in malice in response to her trademark efforts. With this in mind, she sued [Tara] Crescent, Jennifer Watson, the publicist for Cocktales, and Kevin Kneupper, a lawyer who is also an erotic novelist and had tried to cancel her trademark.*"

Given that the article references that the interview took place on "Saturday" and elsewhere discloses the specific terms of settlement, there can be no doubt that this interview was given post-settlement, notwithstanding Ms. Hopkins' reciprocal non-disparagement obligations. Other articles have since been published that attribute similar comment to Hopkins. This negative press was immediately brought to the attention of Plaintiffs' counsel, who has done nothing but deny that such press constitutes a breach of the parties' agreement. Plaintiffs confirmed such position in last night's filing. *See Dkt*. 40 at 1.

---

[1] As an initial matter, Plaintiffs' counsel attempts to justify yesterday's surprise filing by contending that the filing of a motion to dismiss in an administratively closed case would somehow "preclude [him] from requesting a unilateral dismissal via the F.R.C.P." *Dkt*. 40 at 1, n. 1. Such contention is meritless as Fed.R.Civ.P. 41(a)(1)(A)(i) indicates that a notice of dismissal can be filed at any point before the opposing party serves either an answer or a motion for summary judgment, ***not*** a motion to dismiss. Here, Plaintiffs' pretext notwithstanding, Plaintiffs seek to re-open the matter and dismiss it purely to avoid their bargained-for settlement obligations.

      Notably, Plaintiffs' counsel has acknowledged that such comments (i) are disparaging and (ii) would be a violation of the settlement reached if *Defendants* has made them in reference to *Plaintiffs*. Plaintiffs' point of contention, however, is that none of the Defendants in this case, past or present, are technically members the "group of authors [who] published Cocktales: The Cocky Collective." Such contention is disingenuous, however, because Plaintiffs' verified complaint, *inter alia*, makes clear an intent to sue Jennifer Watkins as the putative representative of the Cocky Collective. It accuses her, personally, as well as her PR agency (¶ 14) of "personally attacking and smearing Plaintiffs' reputation" as a member of the Cocky Collective and "intentionally causing emotional and economic harm" to Faleena Hopkins. *See e.g.*, Dkt. 1, ¶¶ 45-47. Ms. Hopkins makes these allegations despite, *to this day*, being wholly unable to point to single instance where the Cocky Collective, as a group, disparaged her or in any way "attacked" Ms. Hopkins, deliberately, maliciously, or otherwise. The publicly stated goal of the Cocktales Anthology is to raise funds to fight against obstruction of creative expression.[2] Put simply, the Cocktales Anthology was about protecting the rights of authors to freely express themselves. It was never about Faleena Hopkins. Nevertheless, Ms. Hopkins continues to promote herself at the expense of the reputations of the Cocky Collective and its publicist, Jennifer Watson.

      In short, Plaintiffs have inextricably linked Jennifer Watson to the Cocky Collective and continues to disparage Ms. Watson in the press in the context of disparaging the Cocky Collective. Accordingly, settlement has proven elusive as Plaintiffs refuse to (i) going forward, stop harming Ms. Watson via disparagement of the Cocky Collective; or (ii) publicly retract or correct the disparaging statements directed at these parties in the past. Thus, Plaintiffs' letter miscasts Defendants (or, more specifically, defense counsel)[3] as an obstacle to settlement for simply seeking reasonable protection against future violations of the bargained-for non-disparagement provisions that, to date, Defendants have honored in full.

      Accordingly, Defendants respectfully request that the Court withhold entry of the dismissal order pending finalization of settlement in this matter.

      Respectfully submitted,

      Cameron Reuber

cc:    All Counsel of Record (via email)

---

[2] https://www.cockyauthors.com/about-cocktales (Cocktales Anthology "About Us" webpage).
[3] For the sake of completeness, the undersigned disputes several other representations in Plaintiffs' recent filing. However, such matters are not germane to the more pressing matter of how the parties can proceed given Plaintiffs unwillingness to either (i) acknowledge their breach or (ii) reasonably remedy same and abide by the terms of settlement.

{10620/609817-000/01990792.1}